```
                United States District Court
                  District of Massachusetts
 _____
                               )
MARK SILVA,                    )
                               )
        Plaintiff,             )
                               )
        v.                     )     Civil Action No.
                               )     14-cv-10372-NMG
JAMES J. CUMMINGS, et al.      )
                               )
        Defendants.            )
                               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Mark Silva ("Silva") alleges that he was assaulted by a corrections officer while he was detained and awaiting trial at the Barnstable House of Correction ("the Prison"). He claims that the defendants, current and former superintendents and officers at the Prison, failed to protect him while he was detained and demonstrated deliberate indifference towards him in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Pending before this court is the defendants' motion to dismiss the complaint for failure to state a claim on which relief can be granted. For the following reasons, the court will allow defendants' motion.

## I. Background

Silva claims that he was assaulted by Thomas Driscoll ("Driscoll"), a corrections officer at the Prison, on September 9, 2010 while he was detained and awaiting trial. His ear was damaged and required surgery. Silva filed a grievance on November 1, 2010, but it was denied later that month.

Silva then waited approximately three years and four months before filing his initial complaint against Driscoll and a number of other prison officials in February, 2014. He filed an amended complaint in April, 2014. In May, 2014, defendants moved to dismiss the amended complaint.

## II. Defendants' Motion to Dismiss

Defendants move to dismiss Silva's complaint for failing to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Specifically, defendants argue that the applicable statute of limitations has run, barring his claim.

Because 42 U.S.C. § 1983 has no statute of limitations, federal courts adjudicating federal civil rights claims under § 1983 borrow the forum state's statute of limitations governing personal injury causes of action. Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001). Massachusetts uses a three-year statute of limitations for personal injury cases. Mass. Gen. Laws c. 260, § 2A. Therefore, the question before the Court is whether plaintiff commenced his action within three years after he knew

or had reason to know of the injury that forms the basis of this action. Gorelik v. Costin, 605 F.3d 118, 121-22 (1st Cir. 2010).

The Court finds that he did not timely file his complaint. Silva's cause of action accrued at the earliest on September 9, 2010, the day the alleged violations occurred, and at the latest in November, 2010, when his grievance was denied. Accordingly, he had until November, 2013 at the very latest to file his complaint. Because he filed his original complaint in February, 2014, at least four months too late, his claims are barred under the statute of limitations and the Court will dismiss his complaint.

The Court acknowledges Silva's allegation that defendants have "unclean hands" and that they prevented him from exhausting his administrative remedies which the Prison Litigation Reform Act requires before an inmate may sue in federal court. 42 U.S.C. 1997e. Silva exhausted his administrative remedies, however, when he filed his grievance in November, 2010. The fact that defendants denied his grievance or may even have prevented him from filing it earlier, as he alleges, did not preclude Silva from filing his complaint in this Court immediately thereafter, or at least within three years thereof.

## **ORDER**

For the foregoing reasons, defendants' motion to dismiss (Docket No. 18) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 11, 2014